IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEAN AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 8817 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY, ILLINOIS and COOK | ) | |
| COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part without prejudice and denies in part Defendants' motion to dismiss [10]. The Court grants Plaintiff leave to file an Amended Complaint in accordance with this Order by no later than August 8, 2014.

## STATEMENT

On December 10, 2013, Plaintiff Billie Jean Ammons filed a three-count Complaint against Defendants Thomas J. Dart, Sheriff of Cook County, and Cook County, Illinois alleging a retaliation claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and a First Amendment claim under 42 U.S.C. § 1983 (Counts I and II). Ammons also brings an indemnification claim against Cook County pursuant to 745 ILCS 10/9-102 (Count III). Before the Court is Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part without prejudice and denies in part Defendants' motion. The Court grants Ammons leave to file an Amended Complaint in accordance with this Order by no later than August 8, 2014.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937,

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013); *see also Golden v. State Farm Mut. Auto. Ins. Co.*, 745 F.3d 252, 255 (7th Cir. 2014) ("We accept as true all well-pleaded facts and draw all reasonable inferences from those facts in [plaintiff's] favor.").

## BACKGROUND

In her Complaint, Ammons alleges that she is a Deputy Cook County Sheriff working as a Court Services Officer. (R. 1, Compl. ¶ 3.) She further alleges that she filed another lawsuit in 2011 against Defendants based on violations of the Family and Medical Leave Act of 1993 ("FMLA"), Title 29 U.S.C. § 2615 *et seq.*, and the Americans With Disabilities Act of 1990 ("ADA"), Title 42 U.S.C. § 12101 *et seq.* (*Id.* ¶ 4.) At the time Ammons filed the 2011 federal lawsuit, she work in the Domestic Relations Division. (*Id.* ¶ 5.) Ammons alleges that after she filed the 2011 lawsuit, she was accused of misconduct in connection with her participation in a grievance hearing as a union steward in March 2012. (*Id.* ¶ 7.) According to Ammons, the Office of Professional Review ("OPR") then opened an investigation into the charge against her in June 2012. (*Id.*) Also, Ammons maintains that the OPR investigator did not inform her of the nature of her misconduct charge and that the investigator questioned her about this charge without her attorney present. (*Id.* ¶ 8.) Ammons alleges that, thereafter, she was transferred from the Domestic Relations Division to the Cook County Criminal Courthouse at 2600 S. California Avenue, then to a union hall assignment in Parkridge, Illinois, and finally to the Sixth Municipal District Courthouse in Markham, Illinois. (*Id.* ¶ 9.)

Based on these transfers, Ammons alleges a Title VII retaliation claim in Count I of her Complaint. On August 15, 2012, she filed a charge with the Illinois Department of Human Rights ("IDHR"), No. 2013CF0512 and 2013CF0513, that was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), No. 21B201202561. (*Id.* ¶ 16.) The EEOC sent her a right-to-sue letter on September 11, 2013. (*Id.* ¶ 17.)

In Count II, Ammons alleges that Defendants used OPR to harass, threaten, and intimidate her and to dissuade her from prosecuting the 2011 lawsuit and/or from serving as a union steward in violation of 42 U.S.C. § 1983 in Count II. (*Id.* ¶ 35.) More specifically, she alleges that Defendants violated her First Amendment to free speech, assemble peaceably, and to petition the government for redress of grievances. (*Id.* ¶¶ 36-38.)

## ANALYSIS

### I.    Title VII Retaliation Claim — Count I

Title VII's anti-retaliation provision makes it "unlawful ... for any employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII]" 42 U.S.C. § 2000e–3(a). To establish that

2

retaliation occurred, Ammons may prove retaliation under either the direct or indirect methods of proof. *See Alexander v. Casino Queen, Inc.,* 739 F.3d 972, 983 (7th Cir. 2014). At this procedural posture, however, Ammons need not set forth any proof concerning her retaliation claim. In order to give context to her claims, however, the Court turns to the indirect and direct methods of proof.

Under the indirect method of proof, Ammons will need to present evidence establishing a prima facie case of retaliation as follows: (1) she engaged in a statutorily protected activity; (2) she met Defendants' legitimate expectations; (3) she suffered an adverse action; and (4) Defendants treated her less favorably than similarly situated employees who did not engage in protected activity. *See id*.; *Johnson v. General Bd. of Pension & Health Benefits of United Methodist Church*, 733 F.3d 722, 727 (7th Cir. 2013). If Ammons produces evidence of a prima facie case of retaliation, the burden shifts to Defendants to articulate a legitimate, non-discriminatory reason for the adverse action. *See Johnson,* 733 F.3d at 728. If Defendants meet this burden, Ammons must demonstrate that Defendants' proffered reason is pretext for discrimination. *See Alexander*, 739 F.3d at 93. Under the direct method of proof in a retaliation claim, Ammons must submit evidence from which a jury could reasonably conclude that (1) she engaged in statutorily protected activity; (2) she suffered a material adverse action; and (3) a causal link between the two. *See Hnin v. TOA (USA), LLC,* 751 F.3d 499, 508 (7th Cir. 2014).

In their motion to dismiss, Defendants argue that it is unclear what the alleged retaliation is, namely, what adverse action Ammons is relying upon in bringing her retaliation claim. A plaintiff can base her retaliation claim on any materially adverse action regardless of whether it affects his terms or conditions of employment. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67-68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *Chaib v. Indiana*, 744 F.3d 974, 986-87 (7th Cir. 2014). Under this standard, Ammons has alleged two adverse actions, including her loss and standing or seniority at the Domestic Violence Court due to her transfers and that Defendants initiated a baseless OPR investigation against her. (Compl. ¶¶ 9-12.) The fact that Ammons did not allege the specific dates of her transfers does render her allegations implausible, as Defendants suggest. *See Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013) ("We have interpreted the plausibility standard to mean that 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'") (citation omitted).

Defendants also argue that Ammons failed to include the Markham Courthouse transfer in her EEOC Charge, and thus any such transfer is outside of the scope of her EEOC Charge. Ammons does not address this issue in her response brief. Nevertheless, Ammons included her other transfers in her EEOC Charge and sufficiently alleged that these transfers resulted in her loss of standing/seniority at the Domestic Violence Court. As such, she has sufficiently alleged her retaliation claim. The Court denies Defendants' motion to dismiss Count I.

## II. First Amendment Claim — Count II

Defendants next argue that Ammons has failed to sufficiently allege a First Amendment claim against Defendant Dart in his individual capacity. Ammons agrees and requests leave to amend her First Amendment claim to include as Defendants the proper individuals. Also, Ammons concedes that she is not bringing a claim against Defendant Dart in his official capacity under *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The Court therefore grants Ammons leave to file an Amended Complaint as to Count II in accordance with this order.

## III. Cook County as Defendant

Last, Defendants argue that Cook County is not a proper party to this lawsuit. Although Cook County cannot be held liable under the theory of respondeat superior under the circumstances, Cook County is an indispensable party to this lawsuit because state law requires the County to pay judgments entered against the Sheriff's Office in its official capacity. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003); 55 ILCS 5/5-1002. Therefore, the Court denies this aspect of Defendants' motion.

**Dated:** July 10, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**