# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEAN AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 8817 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part and denies in part Defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [29]. Plaintiff's Second Amended Complaint is due on or before January 16, 2015. Status hearing set for February 3, 2015 is stricken and reset to January 21, 2015 at 8:30 a.m.

## STATEMENT

On August 8, 2014, Plaintiff Billie Jean Ammons filed a four-count Amended Complaint against Defendants Thomas J. Dart, Sheriff of Cook County, and certain individual Sheriff's Office Defendants alleging a retaliation claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* (Count I), a First Amendment claim under 42 U.S.C. § 1983 (Count II), a state law tortious interference with prospective economic advantage claim (Count III), and an indemnification claim against Cook County (Count IV). Before the Court is Defendants' partial motion to dismiss concerning Counts II, III, and IV brought pursuant to Rule 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion. More specifically, the Court denies Defendants' motion as to Defendants Peter Woods, Terence Hake, James Siroky in Counts II and Count IV in its entirety. The Court grants Defendants' motion to dismiss as to Defendants Kevin Connelly, Sean Heffernan, Marie Ribaldo, and Juan Fulgencio in Count II and Count III in its entirety—both without prejudice. The Court grants Plaintiff leave to file a Second Amended Complaint in accordance with this Order.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012).

## BACKGROUND

In her Amended Complaint, Ammons alleges that she is a Deputy Cook County Sheriff working as a Court Services Officer. (R. 18, First. Am. Compl. ¶ 3.) She further alleges that she filed another lawsuit in 2011 against Defendants based on violations of the Family and Medical Leave Act of 1993 ("FMLA"), Title 29 U.S.C. § 2615, *et seq.* (*Id.* ¶ 4.) At the time Ammons filed the 2011 federal lawsuit, she work in the Domestic Relations Division. (*Id.* ¶ 5.) Ammons alleges that after she filed the 2011 lawsuit, Defendant Juan Fulgencio accused her of misconduct in connection with her participation in a grievance hearing as a union steward in March 2012. (*Id.* ¶ 7.) According to Ammons, the Office of Professional Review ("OPR") then opened an investigation into the charge against her in June 2012. (*Id.*) Also, Ammons contends that the OPR investigators, namely, Defendants James Siroky, Peter Woods and Terence Hake, did not inform her of the nature of her misconduct charge and that they questioned her about this charge without her attorney present. (*Id.* ¶ 8.) During or after that same interview, Defendant Hake attempted to cause Ammons to sign an OPR complaint, even though she had not taken any action to initiate an OPR complaint against any party at that time. (*Id.*) In addition, Ammons alleges that, thereafter, Defendant Dart and one or more of Defendants Kevin Connelly, Sean Heffernan, and David Ribaldo transferred her from the Domestic Relations Division to the Cook County Criminal Courthouse at 2600 S. California Avenue, then to a union hall assignment in Park Ridge, Illinois, and finally to the Sixth Municipal District Courthouse in Markham, Illinois. (*Id.* ¶ 9.)

Ammons further alleges that upon information and belief, on November 2, 2012, OPR investigator Defendant Woods interviewed union member, Officer Chiquita Davis, whom Ammons represented as union steward in March 2012. (*Id.* ¶ 10.) According to Ammons, Davis resisted answering Defendant Woods' questions unless she had union representation present. (*Id.*) In addition, Ammons asserts that Defendant Woods prepared a false summary and report of this interview. (*Id.*) In the meantime, Defendants have not returned Ammons to her long-term assignment in the Domestic Relations Division even though no charges of purported misconduct have been sustained against her. (*Id.* ¶ 11.) Thus, Ammons alleges that the pendency of the secret OPR investigation and Defendants' removal of her from her long-time assignment have

directly and proximately caused her extreme stress and loss of seniority.  (*Id*. ¶¶ 12-14.)

**ANALYSIS**

I.      **First Amendment Claim — Count II**

In Count II, Ammons brings a First Amendment claim against Defendants Peter Woods, Terence Hake, James Siroky, Kevin Connelly, Sean Heffernan, Marie Ribaldo, and Juan Fulgencio in their individual capacity.  Ammons, a public employee, bases her First Amendment retaliation claim on her 2011 lawsuit and her position as a union steward.  *See Sweeney v. Pence,* 767 F.3d 654, 668 (7th Cir. 2014) ("unions have 'the right under the First Amendment to express their views on political and social issues without government interference.'") (citation omitted); *Guth v. Tazewell Cnty.,* 698 F.3d 580, 585 (7th Cir. 2012) ("The filing of a lawsuit can be an exercise of the First Amendment right of free speech ").

In their motion to dismiss, Defendants argue that Plaintiff has failed to allege sufficient facts that plausibly suggest they were personally involved in the violation of her First Amendment rights.  *See Minix v. Canarecci,* 597 F.3d 824, 833–34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (citation, internal quotations omitted).  In other words, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."  *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) (citation omitted).  For supervisors to be personally liable, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see."  *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted).

As to the OPR investigators Defendants Woods, Hake, and Siroky, Ammons has plausibly alleged their personal involvement in depriving her of her First Amendment rights.  *See Iqbal,* 556 U.S. at 679 (whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  In particular, Ammons has sufficiently alleged that these Defendants were personally involved, namely, that they imputed false statements to Davis regarding Ammons' representation of her at the March 2012 grievance hearing, and as a result, their actions deterred her from serving as a union steward and from prosecuting her 2011 lawsuit.  (First. Am. Compl. ¶ 40.)  She also alleges that these OPR investigators participated in her investigation and interview and that at that interview Defendant Hake tried to get her to sign an OPR complaint, even though she had not initiated a complaint against anyone.  (*Id*. ¶ 8.)  In addition, she alleges that these Defendants used their position and status as OPR investigators to deter her protected First Amendment activity.  (*Id*. ¶¶ 42, 43.)  In sum, she alleges that these Defendants opened and pursued a baseless OPR investigation of her to deter her from any protected activities and in retaliation for filing her 2011 lawsuit.  (*Id*. ¶¶ 8, 84.)  As such, Ammons has included "enough details about the subject-matter of the case to present a story that holds together."  *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (citation omitted).

3

Next, Defendants argue that Ammons has failed to sufficiently allege that Defendants Connelly, Heffernan, Ribaldo, and Fulgencio caused or participated in any constitutional deprivation. The Court agrees. In her First Amended Complaint, Ammons merely states that Defendants' conduct was calculated to deter her from serving as a union steward and from prosecuting her 2011 lawsuit. (*Id*. ¶ 44.) As to Defendants Connelly, Heffernan, and Ribaldo, who appear to be Ammons' supervisors, Ammons fails to link their conduct to the "secret OPR investigation" underlying her First Amendment claims. Without more, Ammons' claims against Defendants Connelly, Heffernan, and Ribaldo are not plausible. *See Carlson,* 758 F.3d at 826 ("A claim must be plausible rather than merely conceivable or speculative"). Furthermore, Ammons alleges that Defendant Fulgencio's conduct was undertaken to conspire with the other Defendants and that Defendant Fulgencio issued a false grievance about her. (*Id.* ¶¶ 46, 82.) Ammons' bare-boned allegations, however, do not explain how Defendant Fulgencio was involved in the conspiracy nor do her allegations lead to any inferences about Defendant's Fulgencio's involvement in the OPR investigation other than that he initiated a grievance. *See Levin v. Miller,* 763 F.3d 667, 671 (7th Cir. 2014) ("Fed.R.Civ.P. 8 is not satisfied by a skeletal complaint that contains conclusion or surmise").

Accordingly, the Court grants Defendants' motion to dismiss Defendants Connelly, Heffernan, Ribaldo, and Fulgencio without prejudice and grants Ammons one more opportunity to re-allege her First Amendment allegations against them in her Second Amended Complaint—keeping in mind counsel's Rule 11 obligations. *See Agnew v. National Collegiate Athletic Ass'n,* 683 F.3d 328, 347 (7th Cir. 2012) (the "district court is not required to grant such leave when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted."). Ammons' failure to do so will result in dismissal of these Defendants as to her First Amendment claim.[1]

## II.     Tortious Interference with Prospective Economic Advantage Claim — Count III

In Count III of the Amended Complaint, Ammons alleges a common law tortious interference with prospective economic advantage claim against the individual Defendants—a claim she did not allege in her original Complaint. In their motion, Defendants maintain that Ammons' claim is untimely under the one-year limitations period pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act. *See* 745 ILCS 10/1–101, *et seq.* In response, Ammons seeks leave to file a Second Amended Complaint to set forth facts

---

[1] Although Defendant Officers argue that they have qualified immunity, and thus the Court must dismiss Ammons' First Amendment claim, they merely attack her factual allegations and do argue that her First Amendment rights were not clearly established at the time of the challenged conduct. *See Plumhoff v. Rickard*, ___ U.S. ___, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014) ("existing precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'") (citation omitted). Because Defendant Officers' argument is based on Ammons' factual allegations and the Court is granting Ammons leave to amend, the Court will not address Defendants' qualified immunity argument at this juncture.

establishing exactly when Ammons learned of her right to sue. *See In re marchFIRST Inc.,* 589 F.3d 901, 903-04 (7th Cir. 2009) (Illinois' "discovery rule delays the accrual of claims until the plaintiff reasonably should know that he has been injured and that the injury was wrongfully caused."); *see also Ralda-Sanden v. Sanden,* 989 N.E.2d 1143, 1156-57, 371 Ill.Dec. 215, 228-29 (1st Dist. 2013) (discovery rule "postpones the 'start of the period of limitations until the injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused.'") (citation omitted).

Nevertheless, Defendants argue that Ammons is trying to expand the allegations in her EEOC Charge by bringing this claim in her Amended Complaint. Defendants' argument is misplaced because Ammons need not exhaust any administrative remedies before bringing a state law tortious interference with prospective economic advantage claim. Under the circumstances, the exhaustion requirement only applies to her Title VII claim. *See Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013); *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 634 (7th Cir. 2013).

The Court therefore grants Defendants' motion to dismiss Plaintiff's tortious interference with prospective economic advantage claim as alleged in Count III without prejudice and grants Plaintiff leave to file a Second Amended Complaint.

### III. Indemnification Claim against Cook County — Count IV

Again, Defendants argue that Cook County is not a proper party to this lawsuit, and thus Cook County must be dismissed as a Defendant. As the Court explained in its July 10, 2014, Order granting in part and denying in part Defendants' first Rule 12(b)(6) motion to dismiss, although Cook County cannot be held liable under the theory of respondeat superior, Cook County is an indispensable party to this lawsuit because state law requires the County to pay judgments entered against the Sheriff's Office in its official capacity. *See Askew v. Sheriff of Cook County,* 568 F.3d 632, 636 (7th Cir. 2009); *Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003); 55 ILCS 5/5-1002. Therefore, the Court denies this aspect of Defendants' motion to dismiss.

**Dated:** December 22, 2014

**AMY J. ST. EVE**
**United States District Court Judge**

5