# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEAN AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 8817 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part and denies in part Defendants' motion to dismiss Counts II and III of Plaintiff's Second Amended Complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6) [41]. Status hearing set for 6/8/15 is stricken and reset to 4/22/15 at 8:30 a.m.

## STATEMENT

On January 16, 2015, Plaintiff Billie Jean Ammons filed a four-count Second Amended Complaint against Defendants Thomas J. Dart, the Sheriff of Cook County, and certain individual Sheriff's Office Defendants alleging a retaliation claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* (Count I), a First Amendment claim under 42 U.S.C. § 1983 (Count II), a state law tortious interference with prospective economic advantage claim (Count III), and an indemnification claim against Cook County (Count IV). On December 22, 2014, the Court denied Defendants' prior motion to dismiss Count II in relation to individual Defendants Peter Woods, Terence Hake, and James Siroky, but granted Defendants' motion regarding Defendants Marie Ribaldo and Juan Fulgencio without prejudice. The Court also granted Plaintiff leave to file the present Second Amended Complaint. The Court presumes familiarity with its earlier ruling.

Before the Court is Defendants' Rule 12(b)(6) motion to dismiss Counts II and III of the Second Amended Complaint. For the following reasons, the Court denies Defendants' motion to dismiss Count II, but grants Defendants' motion to dismiss Count III in its entirety with prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

A complaint need not anticipate affirmative defenses and neither *Twombly* nor *Iqbal* states otherwise. *See Levin v. Miller,* 763 F.3d 667, 671 (7th Cir. 2014); *see also Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) ("Since qualified immunity is a defense, the burden of pleading it rests with the defendant."). As the Seventh Circuit explains "[b]ecause an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate: The plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." *Alvarado v. Litscher,* 267 F.3d 648, 651-52 (7th Cir. 2001). In short, most qualified immunity claims are too fact-intensive for courts to decide on a Rule 12(b)(6) motion to dismiss. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1090 (7th Cir. 2008); *see, e.g., Bruce v. Guernsey,* 777 F.3d 872, 879 (7th Cir. 2015).

**BACKGROUND**

In her Second Amended Complaint, Plaintiff alleges that she is a Deputy Cook County Sheriff working as a Court Services Officer. (R. 39, Sec. Am. Compl. ¶ 3.) She further asserts that she filed another lawsuit in 2011 against Defendants based on violations of the Family and Medical Leave Act of 1993 ("FMLA"), Title 29 U.S.C. § 2615, *et seq*. (*Id.* ¶ 4.) At the time Plaintiff filed the 2011 federal lawsuit, she work in the Domestic Relations Division in the Cook County Domestic Violence Court. (*Id*. ¶ 5.) Plaintiff alleges that after she filed the 2011 lawsuit, she was accused of misconduct in connection with her participation as a union steward in a grievance hearing for union member Officer Chiquita Davis in March 2012. (*Id.* ¶¶ 7, 10.) The Office of Professional Review ("OPR") then opened an investigation into a charge against her that was based on false statements that Plaintiff urged Davis to initiate the grievance. (*Id.* ¶ 10.) Furthermore, Plaintiff contends that certain OPR investigators did not inform her about the nature of her misconduct charge and that they questioned her about this charge without her attorney present. (*Id.* ¶ 8.) Plaintiff alleges that, thereafter, she was transferred from the Domestic Relations Division to the Cook County Criminal Courthouse at 2600 S. California Avenue, then to a union hall assignment in Park Ridge, Illinois, and after that, to the Sixth Municipal District Courthouse in Markham, Illinois. (*Id.* ¶ 9.) Plaintiff maintains that on January 6, 2015, she was returned to her position at the Domestic Violence Court after prosecuting a grievance. (*Id.*)

ANALYSIS

I.   First Amendment Claim — Count II

At issue in the present motion to dismiss is Plaintiff's First Amendment claim as alleged against Defendants Ribaldo and Juan Fulgencio in their individual capacities.  Plaintiff, a public employee, bases her First Amendment claim on her 2011 lawsuit and her position as a union steward.  In the present motion to dismiss, Defendants argue that Plaintiff has failed to allege sufficient facts that plausibly suggest Defendants Marie Ribaldo and Juan Fulgencio were personally involved in any violation of her First Amendment rights.  *See Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation.").  In other words, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) (citation omitted).

As the Court discussed in the December 2014 Order, Plaintiff sufficiently alleged that OPR investigators Defendants Hake, Woods, and Siroky opened and pursued a secret OPR investigation into her and used their position and status as OPR investigators to deter her protected First Amendment activity.  According to Plaintiff, these Defendants imputed false statements to Davis concerning Plaintiff's representation of Davis in March 2012 impugning her honesty and integrity.

As to Defendant Ribaldo, in her Second Amended Complaint, Plaintiff alleges that after she filed her union grievance, an arbitration hearing took place on June 19, 2014.  (Sec. Am. Compl. ¶ 11.)  At the hearing, Defendant Marie Ribaldo testified that she filed an OPR complaint against Plaintiff in March 2012.  (*Id.* ¶ 12.)  According to Plaintiff, Defendant Ribaldo did not report Davis' harassment allegations to the OPR, but instead made inconsistent and false statements about Plaintiff.  (*Id.* ¶¶ 13, 14.)  Moreover, at the June 2014 grievance hearing, Defendant Ribaldo testified that at the March 2012 meeting regarding Davis' grievance, Plaintiff had stated that a female Cook County Sheriff's Sergeant was biased against Davis because this officer had had a sexual relationship with Defendant Officer Fulgencio and that, at that time, Davis was also having a sexual relationship with Defendant Fulgencio.  (*Id.* ¶ 13.)  Plaintiff alleges that she did not make this statement at the March 2012 meeting, but rather Davis did.  (*Id.*)  Officer Ribaldo also testified that the information about the sexual relationships was idle gossip.  (*Id.* ¶ 14.)  Plaintiff further maintains that Officer Ribaldo made other inaccurate statements at the June 2014 hearing about the March 2012 meeting.  (*Id.*)

These facts plausibly suggest that Officer Ribaldo was involved in the "secret OPR investigation," namely, that Defendant Ribaldo initiated the OPR investigation into Plaintiff and used false and inconsistent statements in doing so.  Viewing the facts and inferences in Plaintiff's favor, Officer Ribaldo's actions of falsifying information to bring an OPR investigation into Plaintiff's conduct was calculated to deter her from serving as a union steward or from prosecuting her 2011 lawsuit.  As such, Plaintiff has alleged "enough details about the

3

subject-matter of the case to present a story that holds together." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (citation omitted). The Court therefore denies Defendants' motion to dismiss Officer Ribaldo from this claim.

Similarly, Defendants argue that Plaintiff has failed to allege sufficient facts that plausibly suggest Defendant Officer Fulgencio was personally involved in a violation of Plaintiff's First Amendment rights. In her Second Amended Complaint, Plaintiff alleges that Defendant Fulgencio provided false information in a memorandum to Defendant Ribaldo in March 2012. (Sec. Am. Compl. ¶ 17.) This false information included that Plaintiff had publically announced that Defendant Fulgencio had a sexual relationship with Davis and another officer, that Plaintiff had referred to certain personnel as the lesbian crew, and that Plaintiff claimed she had evidence about promotions within her department that were not legitimate. (*Id.*) According to Plaintiff, this information was the source of Defendant Ribaldo's false statements in her OPR complaint against Plaintiff. (*Id.* ¶ 19.) Further, Plaintiff alleges that this conduct was undertaken to deter her from representing Davis and others as a union steward concerning their allegations of harassment. (*Id.* ¶ 64.)

Viewing these facts and all reasonable inferences in Plaintiff's favor and within the context of her First Amendment claim, although Defendant Fulgencio may have been attempting to divert attention away from his own inappropriate conduct, he allegedly provided false information to Defendant Ribaldo which formed the basis of Defendant Ribaldo's March 2012 OPR complaint against Plaintiff. Further, Defendant Fulgencio's conduct served to deter Plaintiff from openly opposing harassment in the workplace, and thus his misconduct infringed on her ability to represent Davis and others as a union steward. Therefore, Plaintiff has plausibly alleged Defendant Fulgencio's personal involvement in denying her First Amendment rights. *See Iqbal,* 556 U.S. at 679 (whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court denies Defendants' motion to dismiss in this respect.

Last, Defendants argue that qualified immunity shields Defendants from liability as to Plaintiff's First Amendment claim. *See Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Courts are reluctant to dismiss claims under Rule 12(b)(6) on the basis of qualified immunity because an immunity defense depends on the specific facts of each case. *See Alvarado,* 267 F.3d at 651-52. Because this case is at the early stages of these proceedings, the factual contours of Plaintiff's rights and Defendants' conduct in response to her rights are not fully developed. *See Bruce,* 777 F.3d at 879. It is possible that after discovery Defendants may be able to bring a properly supported motion based on their affirmative defense of qualified immunity. *See id.* At this time, however, any determination of qualified immunity would be imprudent based on the undeveloped factual record. *See Jacobs v. City of Chicago,* 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal."). Therefore, the Court denies this aspect of Defendants' motion to dismiss.

## II. Tortious Interference with Prospective Economic Advantage — Count III

In Count III of the Second Amended Complaint, Plaintiff alleges a common law tortious interference with prospective economic advantage claim against individual Defendants Woods, Hake, Siroky, Ribaldo, and Fulgencio. In their motion to dismiss, Defendants once again contend that Plaintiff's claim is untimely under the one-year limitations period pursuant to the Illinois Local Government and Governmental Employees Tort Immunity Act. *See* 745 ILCS 10/1–101, *et seq.* In response to Defendants' last motion to dismiss, Plaintiff sought leave–and the Court granted–her request to file a Second Amended Complaint to set forth facts establishing exactly when she learned of her right to sue. *See In re marchFIRST Inc.,* 589 F.3d 901, 903-04 (7th Cir. 2009) (Illinois' "discovery rule delays the accrual of claims until the plaintiff reasonably should know that he has been injured and that the injury was wrongfully caused.").

Although Plaintiff has set forth facts in her Second Amended Complaint concerning when she learned of her right to sue, she has failed to sufficiently allege her tortious interference with prospective economic advantage claim under the federal pleading standards. To clarify, the elements of this claim require a plaintiff to ultimately prove: "(1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." *Fellhauer v. City of Geneva,* 142 Ill.2d 495, 511, 568 N.E.2d 870, 154 Ill.Dec. 649 (Ill. 1991). Under this standard, "a plaintiff states a cause of action only if he alleges a business expectancy with a specific third party as well as action by the defendant directed towards that third party." *Associated Underwriters v. McCarthy,* 356 Ill.App.3d 1010, 1020, 826 N.E.2d 1160, 292 Ill.Dec. 724 (1st Dist. 2005); *see also Ali v. Shaw,* 481 F.3d 942, 945-46 (7th Cir. 2007) ("Illinois [has] clarified that a plaintiff 'states a cause of action only if he alleges a business expectancy with a specific third party.'") (citation omitted).

In her Second Amended Complaint, Plaintiff has not alleged that she had a business expectancy with a third party and that Defendants Woods, Hake, Siroky, Ribaldo, or Fulgencio purposely interfered with this expectancy. Indeed, Plaintiff does not address this argument in her response brief to Defendants' motion to dismiss. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion in legal memoranda amounts to abandonment of claim). The Court therefore grants Defendants' motion to dismiss Count III of the Second Amended Complaint with prejudice.

**Dated:** April 13, 2014

**AMY J. ST. EVE**
**United States District Court Judge**

5